[No. 14072. In Bank. — February 23, 1892.]

## PEOPLE EX REL. R. C. CHANDLER, RESPONDENT, *v.* A. B. SMITH, APPELLANT.

OBSTRUCTION OF STREET— ACTION BY PEOPLE — FORMER JUDGMENT AGAINST CITY — RES ADJUDICATA. — In an action in the name of the people of the state to abate a nuisance caused by the obstruction of a public street in the city and county of San Francisco by a building thereon, a judgment in favor of the defendant in a former action against the city and county for the recovery of the land on which the building stands, and a writ of restitution in such action, under which the defendant was placed in possession, as alleged in his answer, is admisible in evidence against the people of the state, and is a complete bar to the cause of action.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*E. D. Wheeler, R. Guy McClellan,* and *S. W. & E. B. Holladay,* for Appellant.

*Attorney-General Johnson,* and *Philip G. Galpin,* for Respondent.

GAROUTTE, J. — This is an action by the people on the relation of R. D. Chandler to abate a nuisance.

It is alleged in the complaint that the land upon which the building stands is part of a public street in the city of San Francisco, known as Oregon Street; that defendant placed the structure in said street on or about July

1, 1885, and ever since has unlawfully kept and main-
tained the same. The defendant denied that the land
on which the building stands ever became a public
street, by dedication or otherwise; averred that he was
the owner in fee of the premises described, and entitled
to the use and enjoyment of the same; and for a further
answer, alleged that for more than seventeen years im-
mediately prior to August 18, 1877, he had been in the
actual, open, peaceable, and exclusive possession of the
property; that on said last-named day the city and
county of San Francisco, falsely pretending that the
premises were included within the limits of the public
street called Oregon Street, wrongfully entered upon the
premises and ousted him therefrom; that thereafter he
commenced an action against said city and county to
recover the possession of the premises; that in the an-
swer filed therein the defendant claimed that the prem-
ises in controversy had been dedicated to public use as
a street; that on May 14, 1880, a judgment was entered
in said action in favor of the plaintiff herein, and against
the city and county, for the possession of the land; that
the court adjudged therein that neither the state of Cali-
fornia nor the city and county of San Francisco dedi-
cated the premises to public use; that an appeal was
taken from the order of the court refusing to grant a
new trial, but said appeal was dismissed on May 22, 1885,
and the judgment thereupon became final; that on June
14, 1885, this defendant was placed in possession of the
premises by the sheriff, and has ever since remained
in possession, and erected a valuable building thereon.
For further answer, the defendant alleged that he was in
actual, open, exclusive, and notorious possession of the
premises, claiming in good faith to own the same for
many years before any action was taken by the city
and county of San Francisco or the state of California
in the matter of laying out, opening, or dedicating the
land in controversy as a public street.

At the trial, among other matters, the defendant in-
troduced in evidence the judgment roll in the action

of *A. B. Smith* v. *The City and County of San Francisco,* commenced September 12, 1877, and the writ of restitution under which the defendant was placed in possession, as alleged in his answer.

As one of its findings of fact, the court found that the allegations of the defendant's answer, as to the matters therein set forth with reference to the action brought by Smith (the defendant here) against the city and county of San Francisco, were true, but held that the people of the state were not a party to said action, and that consequently the judgment therein rendered was no bar to this action, and thereupon ordered judgment for plaintiff. This identical question was involved in the recent case of *People* v. *Holliday, ante,* p. 241, and there decided contrary to the views held by the trial court in this case. The judgment being a complete bar to the cause of action, it becomes unnecessary to examine other assignments relied upon.

Upon the authority of *People* v. *Holliday, ante,* p. 241, the judgment and order are reversed as to that portion of the realty described in defendant's plea of estoppel as set forth in his answer in this action, and to that extent the cause is remanded, with directions to the court below to enter judgment for defendant; in all other respects, let the judgment and order be affirmed.

DE HAVEN, J., MCFARLAND, J., SHARPSTEIN, J., and BEATTY, J., concurred.

Mr. Justice Harrison, being disqualified, did not participate in the foregoing opinion.

Rehearing denied.